UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                                        Case Nos.:   5:12cr9/RH/HTC
                                                                        5:16cv221/RH/HTC
DIANA GONZALEZ

### **REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Diana Gonzalez's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF Doc. 515), the Government's response (ECF Doc. 527) and Gonzalez's reply (ECF Doc. 530).  Defendant's motion raises a single ground for relief: a sentence reduction based on Amendment 794 of the Sentencing Guidelines. The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). Based on a review of the record and the arguments presented, the undersigned recommends that the § 2255 motion be DENIED without an evidentiary hearing. *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.  The undersigned finds that the motion is time-barred and, even if it was not, it fails on the merits.

## I.     BACKGROUND AND PROCEDURAL HISTORY

On April 19, 2012, a federal grand jury returned a 54-count indictment against Gonzalez and six (6) co-defendants, Evelyn Johnston, Blaine Johnston, Hector A. Cabrera, Angel Done, Wilson Calle and Wilfredo Rodriguez.  ECF Doc. 1.  The charges were based on an extensive conspiracy to defraud the Internal Revenue Service through the filing of fraudulent tax returns claiming refunds totaling over $19,000,000.00.[1]  *Id.*  Gonzalez, along with co-defendants Cabrera, Calle and Done, was charged with recruiting individuals who were interested in participating in the scheme.  *Id.* at 3.  Co-defendants Evelyn and Blaine Johnston, who owned and operated ABACO Executive Services (ABACO), a tax-preparation entity, were charged with filing or preparing all the fraudulent tax returns included in this conspiracy.  *Id.* at 9-10.  Co-defendant Rodriguez was charged with filing his own fraudulent tax return, which was prepared by ABACO using the same scheme.  *Id.* at 14.

Count One charged the seven defendants with a conspiracy to defraud the Government with respect to claims between October 1, 2008, and October 27, 2009,

---

[1] The tax fraud scheme was premised on what is known as "redemption theory," which provides that "individuals are not responsible for their common personal debt obligations such as home mortgages, loans, credit card bills, and lines of credit, and may instead seek money from the IRS . . . to repay [or redeem] these outstanding obligations."  ECF Doc. 500 at 3.  Promoters of the scheme advised taxpayers that, by filing an IRS Form 1099-OID (Original Issue Discount), they could make a claim with the U.S. Treasury Department (Treasury) for satisfaction of personal debt.  *Id.* at 4.

Case Nos.: 5:12cr9/RH/HTC; 5:16cv221/RH/HTC

in violation of 18 U.S.C. §§ 286 and 287.  ECF Doc. 1 at 1-9.  Counts 2 through 28 charged Evelyn Johnston and Blaine Johnston with filing false claims in violation of 18 U.S.C. §§ 287 and 2.  *Id*. at 9-11.  Counts 29 through 43 charged Hector A. Cabrera and Diana M. Gonzalez with filing false claims in violation of 18 U.S.C. §§ 287 and 2.  *Id.* at 11-12.  Counts 44 through 53 charged Angel Done and Wilson Calle with filing false claims in violation of 18 U.S.C. §§ 287 and 2.  *Id.* at 12-13.  Count 54 charged Wilfredo Rodriguez of filing a false claim in violation of 18 U.S.C. §§ 287 and 2.  *Id.* at 13-14.

A nine-day jury trial began before the Honorable J. Richard Smoak, Jr., on September 9, 2013.[2]  On the fourth day of trial, Gonzalez pled guilty to the charge of conspiracy (Count One of the Indictment).  ECF Doc. 434.  At the conclusion of the trial, the other defendants were convicted as charged, with the exception of Rodriguez, who was acquitted on Count One.  ECF Doc. 453.  In December 2013, the Government dismissed Counts 29-43 against Gonzalez.  ECF Doc. 352.

Gonzalez's plea proceedings took place on September 12, 2013.  ECF Doc. 273.  A preliminary presentence investigation report ("PSR") was prepared (ECF Doc. 314) and both Gonzalez and the Government filed responses (ECF Docs. 317,

---

[2] Evelyn Johnston died in a car accident before indictment.  *See* ECF No. 312, at 12, ¶ 58.  The charges against Hector Cabrera, Diana Gonzalez's husband, were dismissed without prejudice upon the Government's motion (after numerous continuances were granted) due to Cabrera's poor health.  *See* ECF Docs. 100, 210, 228, 234-237, 481, 482, 485, 486.

Case Nos.: 5:12cr9/RH/HTC; 5:16cv221/RH/HTC

328), before a final PSR was issued. The 2013 version of the Sentencing Guidelines manual was used to prepare Gonzalez's PSR. ECF Doc. 332. Gonzalez's base offense level was 6. *Id.* at ¶ 36. A 20-level adjustment was added pursuant to U.S.S.G. § 2B1.1(b)(1)(K) because the intended loss in the case was calculated to be $19,027,049.00. *Id*. at ¶ 37. Gonzalez also received two, two-level adjustments because the offense conduct involved "sophisticated means" and because it involved "the possession or use of an authentication feature." *Id*. at ¶s 40, 41. After a two-level acceptance of responsibility adjustment, Gonzalez's total offense level was 28. With a criminal history category of I (*id.* at ¶ 52) the applicable guidelines range was 78 to 97 months. *Id.* at ¶ 74.

The Court sustained Gonzalez's objection to the adjustment for the possession or use of an authentication feature, but rejected her objection to an adjustment for an offense conduct involving a "sophisticated means." ECF Doc. 361 at 1. With the Court's adjustment, Gonzalez's total offense level was 26. ECF Doc. 361 at 1. With a criminal history category of I, the applicable guidelines range was 63 to 78 months. *Id.* On December 26, 2013, the Court sentenced Gonzalez to 63 months' imprisonment, the low end of the applicable guidelines range, followed by three years of supervised release.[3] ECF Docs. 360, 361. She was also ordered to pay

---

[3] The Bureau of Prison records reflect that Gonzalez was released from custody on September 21, 2018. Gonzalez, however, remains subject to supervised release. Thus, Gonzalez's motion is

Case Nos.: 5:12cr9/RH/HTC; 5:16cv221/RH/HTC

$245,747.32 in restitution jointly and severally with her co-defendants. *Id.* After the adjustment mentioned above, the Court found the PSR to be accurate and incorporated the findings into the sentence imposed. *Id.*

Gonzalez filed a notice of appeal, but subsequently filed a motion to dismiss the appeal with prejudice. ECF Docs. 374, 443. The Eleventh Circuit granted her motion and dismissed the appeal on February 20, 2014. Gonzalez filed nothing further until filing the instant § 2255 motion in July 2016. ECF Doc. 515. The sole basis of her motion is that she is entitled to relief under Amendment 794 to the Sentencing Guidelines and "the newly amended 3B1.2 retroactive reduction under the 'Minor Role Clause.'" ECF No. 515 at 4.

## II.   LEGAL ANALYSIS

### A.   <u>Gonzalez's Motion is Untimely</u>

Motions under 28 U.S.C. § 2255(f) must be filed within one year of certain triggering events, namely, the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

---

not rendered moot by the completion of the custodial part of her sentence. *See Dawson v. Scott*, 50 F.3d 884, 886 n.2 (11th Cir. 1995) (rejecting mootness challenge to a § 2241 petition attacking the length of the petitioner's prison term because the petitioner was "still serving his term of supervised release, which [was] part of his sentence and involves some restrictions on his liberty," and success on the petition could alter the length of his supervised release term). The Court's electronic docket, however, reflects that her current address is unknown and that her mail has been returned as undeliverable. It is the Defendant's responsibility to keep the Court apprised of her current address, and failure to do so may be cause for dismissal of her motion.

Case Nos.: 5:12cr9/RH/HTC; 5:16cv221/RH/HTC

States is removed, if the petitioner was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f).  Here, Gonzalez filed the instant motion on July 29, 2016, more than a year after her Judgment became final.  ECF Docs. 515, 443; *Close v. United States*, 336 F.3d 1283, 1284-85 (11th Cir. 2003).  Nonetheless, Gonzalez argues her motion is timely under § 2255 because it was filed within one year of a "new (sic) discovered Rule," i.e., Amendment 794 to the U.S. Sentencing Guidelines.  ECF Doc. 515 at 10.

The undersigned disagrees and finds that Gonzalez's motion is time-barred. The Sentencing Guidelines provide for a two-level decrease to a base offense level if a defendant was a minor participant in the criminal activity, and a four-level decrease if the defendant was a minimal participant.  *See* U.S.S.G. § 3B1.2(a) and (b).  Amendment 794, effective November 2015, amended the Commentary to § 3B1.2 by introducing a list of non-exhaustive factors that a sentencing court should consult when determining whether to apply a mitigating role adjustment.  *See* U.S.S.G. Supp. App. C., Amend. 794.  Amendment 794 did not make any substantive changes to U.S.S.G. § 3B1.2, but rather merely "clarified the factors to

consider for a minor role adjustment." *United States v. Cruickshank*, 837 F.3d 1182, 1194 (11th Cir. 2016). Amendment 794 is clearly not a new right recognized by a decision of the United States Supreme Court and made retroactive on collateral review. *Bell v. United States*, No. 2:14CV1104-MHT, 2017 WL 1398665, at *4 (M.D. Ala. Mar. 16, 2017), *report and recommendation adopted*, No. 2:14CV1104-MHT, 2017 WL 1398649 (M.D. Ala. Apr. 18, 2017) ("§ 2255(f)(3) does not apply to Bell's claim, because the claim is predicated on an amendment to the Sentencing Guidelines and not on a right recognized in (and made retroactive by) a decision of the United States Supreme Court"). Therefore, Gonzalez's motion is not timely.

### B. Gonzalez's Motion Fails on the Merits

Even if Gonzalez's motion was not time-barred, which it is, she would still not be entitled to relief. As stated, above, Amendment 794 is a clarifying amendment effecting no change in the substantive law. *See e.g., United States v. Cruickshank*, 837 F.3d 1182, 1194 (11th Cir. 2016). Nothing in Amendment 794 entitles Gonzalez to a sentence reduction. *See Bell*, 2017 WL 1398665, at *4. The amendment simply "provides additional guidelines to sentencing courts in determining whether a mitigating role adjustment applies." *See id.,* quoting U.S.S.G. Supp. App. C, Amend. 794 (Reason for Amend.). Gonzalez, thus, had the opportunity to challenge the denial of a minor-role adjustment at her sentencing and on direct appeal, and she did not in either instance. *See United States v. Johnson*,

Case Nos.: 5:12cr9/RH/HTC; 5:16cv221/RH/HTC

Case No. 17-1911-C, 2017 WL 5125643, at *3 (11th Cir. Aug. 21, 2017). Indeed, although Gonzalez filed objections to the preliminary PSR, she did not object to the denial of a minor-role adjustment. ECF Doc. 317. Likewise, although Gonzalez initially filed a notice of appeal, she subsequently abandoned the appeal prior to briefing by filing a notice of voluntary dismissal. ECF Doc. 443.

Because Gonzalez's claim could have been brought on direct appeal, she is entitled to relief under § 2255 only "if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack." *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). Specifically, with regard to a non-constitutional "claim that the sentence imposed is contrary to a post-sentencing clarifying amendment," collateral relief is not available in the "absence of a complete miscarriage of justice." *Burke v. United States*, 152 F.3d 1329 (11th Cir. 1998). Thus, the alleged error must constitute a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *Id.* at 1332 (quoting *Reed v. Farley*, 512 U.S. 339, 348 (1994)). Otherwise stated, Gonzalez must show that she is actually innocent of her crime or that a prior conviction used to enhance her sentence has been vacated. *See Spencer v. United States*, 773 F. 3d 1132, 1139 (11th Cir. 2014).

Gonzalez cannot show that she is innocent of her crime as her Judgment is based on a guilty plea to conspiracy. ECF Doc. 270. The Statement of Facts executed by Gonzalez details her involvement in the conspiracy. ECF Doc. 272. Paragraph 11 of the PSR notes that Gonzalez was responsible for recruiting individuals who were interested in participating in the scheme. ECF Doc. 332 at 5. Recruiters played a large role because they were needed to recruit individuals to produce and file fraudulent tax returns, which would include fraudulent IRS Form 1099-OIDs. ECF Docs. 433 at 26-36, 332 at 7. Although Gonzalez objected to being involved with the scheme, she did not object to her rule as a recruiter (nor could she, since she acknowledged her role as a recruiter in the Statement of Facts). ECF Docs. 272, 317. Indeed, the PSR characterizes Gonzalez as "equally culpable" as five other co-conspirators. ECF Doc. 332 at 9. "All six were involved during the whole scheme, and were responsible for recruiting clients, were aware that others were recruiting clients, were corresponding via the scheme or were involved in the filing of fraudulent tax returns." *Id*. Thus, the lack of a minimal or minor role adjustment in this case can be considered neither "fundamentally unfair" nor "a miscarriage of justice" sufficient to support collateral relief under § 2255. *See Burke*, 152 F.3d at 1332 (citation omitted). Gonzalez also cannot

show that a prior conviction used to enhance her sentence was vacated, as no such fact exists in her case. Accordingly, Gonzalez's motion fails on its merits.[4]

## CONCLUSION

Based on the above findings, an evidentiary hearing is unnecessary because "the motion and files and records conclusively show [Gonzalez] is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015); *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). To be entitled to a hearing, a defendant must allege facts that, if true, would prove she is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015). An evidentiary hearing is not necessary for the resolution of this case because Gonzalez's § 2255 motion is time-barred and further fails on the merits.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §

---

[4] To the extent Gonzalez's § 2255 motion is treated as a motion for modification under 18 U.S.C § 3582(c)(2), she would still not be entitled to relief because under U.S.S.G 1B1.10(a)(2)(A), an amendment to the sentencing guidelines is not applied retroactively unless it is listed in U.S.S.G. § 1B1.10(d), which Amendment 794 is not. *See Johnson*, Case No. 17-1911-C, 2017 WL 5125643.

Case Nos.: 5:12cr9/RH/HTC; 5:16cv221/RH/HTC

2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully RECOMMENDED:

1. The Motion to Vacate, Set Aside, or Correct Sentence (ECF Doc. 515) be DENIED and dismissed.

2. A certificate of appealability be DENIED.

At Pensacola, Florida, this 8th day of May, 2019.

*/s/ Hope Thai Cannon*
**HOPE T. CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case Nos.: 5:12cr9/RH/HTC; 5:16cv221/RH/HTC

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.