**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION**

UNITED STATES OF AMERICA

v. CASES NO. 5:12cr9-RH-HTC
5:16cv221-RH-HTC

DIANA M. GONZALEZ,

Defendant.

_________________________________/

**ORDER DENYING THE § 2255 MOTION AND DENYING A CERTIFICATE OF APPEALABILITY**

The defendant Diana M. Gonzalez has moved under 28 U.S.C. § 2255 for relief from her judgment of conviction. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 547. No objections have been filed.

Ms. Gonzalez seeks relief under United States Sentencing Guidelines Amendment 794. That amendment addresses a defendant's role in the offense of conviction. Ms. Gonzalez asserts her range would have been lower had the amendment been in effect when she was sentenced. That is unlikely, but it does not matter, because Amendment 794 has not been made retroactive. A court cannot reduce a sentence based on this amendment.

Under 18 U.S.C. § 3582(c), a district court "may not modify a term of imprisonment once it has been imposed," subject to specific exceptions. The only exception dealing with guideline amendments provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*.

*Id.* § 3582(c)(2) (emphasis added).

The "applicable policy statements issued by the Sentencing Commission," within the meaning of § 3582(c)(2), are set out in *United States Sentencing Guidelines Manual* § 1B1.10. That section lists the amendments that may be applied retroactively—that is, the amendments under which a court may reduce a sentence that has already been imposed.

The Commission has not added Amendment 794 to the list of retroactive amendments. A court thus may not reduce a sentence under Amendment 794.

To be sure, Ms. Gonzalez frames her motion as one arising under 28 U.S.C. § 2255. As correctly set out in the report and recommendation, § 2255 is not the vehicle by which a retroactive guideline amendment is applied. This usually benefits defendants—to obtain relief under a retroactive guideline amendment, a defendant need not satisfy the procedural requirements and statute of limitations

applicable to § 2255 motions. In any event, § 2255 cannot be used to make retroactive a guideline amendment that is not retroactive.

A defendant need not obtain a certificate of appealability to appeal the denial of a motion for retroactive application of the guideline amendment. But a defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Ms. Gonzalez has not made the required showing. This order thus denies a certificate of appealability.

IT IS ORDERED:

1. The report and recommendation is accepted and adopted as the court's further opinion.

2. Ms. Gonzalez's motion for relief under 28 U.S.C. § 2255, ECF No. 515, is denied.

3. The clerk must enter judgment.

4. A certificate of appealability is denied.

SO ORDERED on June 29, 2019.

s/Robert L. Hinkle
United States District Judge